# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00573-KDB-DCK

| | |
|---|---|
| **TICOR TITLE COMPANY OF CALIFORNIA,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **COMPULINK; THOMAS L HALL; JOHN DOES 1-5; MARTIN ANDERSON; TRUIST BANK; MARK ANDERSON; AND VEY, LLC,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion under Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order ("TRO") and for Expedited Discovery (Doc. No. 3). For the reasons set forth below, the Court **GRANTS** the motion.

Plaintiff alleges through its Verified Complaint (Doc. No. 1) that $1,120,931.08 wired by Plaintiff as part of a real estate transaction was fraudulently diverted by agents, representatives, or associates of Defendants Compulink and Vey, LLC, including Defendants Thomas Hall, Martin Anderson, and Mark Anderson (collectively "Defendants"), to a bank account at Defendant Truist Bank ("Truist") ending in 1663 (the "Account"), and in the name of Compulink or Vey, LLC. Based on the facts alleged, the Court finds 1) that Plaintiff has a likelihood of success in proving its claims; 2) that Plaintiff will suffer immediate and irreparable harm if Defendants and their agents, representatives, and associates are not enjoined from dissipating assets from the Account obtained through the alleged fraud, and if Truist Bank is not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; 3) that the balance of harms favors

1

Plaintiff, as Plaintiff has an interest in the funds and the Account will be preserved during the pendency of this proceeding; and 4) that it is in the public interest to enjoin activity in the Account to prevent Defendants from gaining access to fraudulently diverted funds. Further, the Court finds that because notice of these proceedings provided to Defendants prior to the issuance of a TRO would make it likely that monies may be transferred, hidden, or disposed of by Defendants, their agents, representatives, or associates, granting this TRO without notice is appropriate.

Having found that the requirements of Rule 65 have been satisfied, the Court therefore **ORDERS** that Defendant Truist Bank, and its agents, employees, and representatives, are enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the Truist Bank account ending in ending in 1663, and any and all accounts into which those funds were transferred, and Truist is required to maintain the funds in the Account, and any other accounts at Truist Bank into which monies from the Account may have been transferred, until further Order of the Court, except that Truist is **ORDERED** to honor the existing wire recall transfers and return the funds directly to Plaintiff (from whom the funds were received). Truist is hereby directed to return the funds pursuant to the existing wire recall without need for further Order from this Court and is further ordered to trace all funds that may have left the Truist Account.

The Court further **ORDERS** that Defendants, and their agents, representatives, and associates are enjoined from engaging in any activity in connection with the monies (1) in the account ending in 1663 at Truist into which the monies were allegedly fraudulently deposited, thereby effectively freezing that account (except as ordered above), and (2) in any other account at Truist or any other financial institution into which monies were transferred, so as to preclude Defendants, and their respective agents, representatives, or associates from withdrawing any monies from those accounts until further Order of Court. Defendants and their agents,

2

representatives, and associates are further enjoined from utilizing, transferring, or in any manner disposing of any other assets which might have been acquired with the monies that are alleged to have been fraudulently obtained as set forth in Plaintiff's Verified Complaint.

It is further ordered that Plaintiff's Motion for Expedited Discovery is hereby **GRANTED**. Plaintiff is granted leave to serve Truist with the proposed Requests for Production of Documents attached to its brief in support of its Motion as Exhibit B (Doc. No. 3-2). Truist is hereby **ORDERED** to respond to those discovery requests and to produce any non-privileged documents responsive thereto upon Plaintiff within three (3) days of the date of service.

It is further **ORDERED** that:

1. The security requirement under Rule 65(c) is waived in its entirety;

2. The preliminary injunction hearing will be expedited;

3. The preliminary injunction hearing will be consolidated with a hearing on the merits;

4. The Motion and relief are granted ex parte;

5. The consolidated preliminary injunction hearing and hearing on the merits shall be held at a time to be set by the Court; and

6. The TRO shall remain in effect until after the consolidated preliminary injunction hearing and hearing on the merits at a time to be set by the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 17, 2026

Kenneth D. Bell
United States District Judge